## FOOTE *v.* KENDALL.

Viewed in the light of the pleadings upon which this case went to trial, the evidence demanded a verdict in favor of the plaintiff for a portion, at least, of the amount for which he sued ; and a general finding for the defendant was therefore unwarranted.

Submitted May 29,—Decided July 20, 1901.

Foreclosure of lien. Before Judge Calhoun. City court of Atlanta. July 7, 1900.

*James K. Hines*, for plaintiff.

LUMPKIN, P. J. It appears from the record that Foote built a house for Mrs. Kendall under a written contract which provided that he was to furnish the material and do the work, according to

certain plans and specifications, for $1,100. Of this amount she paid him upwards of $1,095.10. He claimed that, in addition to a balance of $4.90 still due upon the contract price of the house, she owed him a specified sum for constructing at the same time a private sewer extending from her premises to a city street and there connecting with a public sewer. He accordingly brought suit to recover the amounts claimed, and to foreclose a contractor's lien upon the premises. Mrs. Kendall filed an answer in which she denied that she owed him anything, and in which she alleged that the work had not been completed according to contract. On the trial Foote testified that he had fully complied with his obligations under the contract, and introduced in evidence, as a part thereof, certain specifications in which was a clause as follows : " Sewer and other connections. Owner is to pay the city for water tap, sewer frontage, and for two hundred and twenty feet of sewer not estimated in contract.'' The defendant introduced evidence to the effect that, at the time the written contract was signed, this clause was not embraced in the specifications ; that the sewer connections were to be put down and paid for by Foote; and that he was to turn over the house completed for $1,100. As a witness in her own behalf Mrs. Kendall testified : " He did not complete this house by March 1st, 1899. There was some work to be done on the doors and locks, and after that date he sent back there and had this work done. He has never completed my house—never finished it." She did not, however, undertake to specify wherein the house was incomplete, nor to assert that she had paid in full the contract price therefor. Indeed, she admitted that she still owed Foote "three dollars and fifty cents of this amount." On being recalled to the stand, he testified, in rebuttal, that the clause above referred to was in the specifications at the time the contract was executed. In this connection he further said : " I never heard this contention until the defendant and her mother swore to it in this case. In our efforts to settle this matter before suit was brought, the defendant contended that she had paid for this 220 feet of sewerage. She never contended that this item in the specifications was not there, before to-day, to me." The trial resulted in a verdict in favor of the defendant. The plaintiff made a motion for a new trial, which was overruled, and the case is now here for review.

Granting that the jury was warranted in finding that, under the

contract actually made, there could be no recovery of the amount claimed as just compensation for constructing the sewer, it is nevertheless true that the plaintiff was entitled to a verdict for the sum which, under the contract as thus construed, still remained due as part of the price which Mrs. Kendall conceded she had agreed to pay Foote for the work done and materials furnished by him. She did make the assertion that he had never completed the house according to contract, but she gave no data upon which the jury could base an estimate of the loss, if any, which she in consequence sustained. Furthermore, she did not in her answer allege she had suffered any damages by reason of his failure to comply fully with his obligations, nor did she therein pray that she might, by way of recoupment, recover of him a single cent. Obviously, therefore, a general finding in her favor was wholly unwarranted.

*Judgment reversed. All the Justices concurring.*